# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 4, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| LYLLIAN ACEVEDO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-512V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Amber D. Wilson, Wilson Science Law, Washington, DC, for Petitioner.
Catherine E. Stolar, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On July 30, 2020, Lyllian Acevedo ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 72). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$50,130.09**.

I.  **Procedural History**

On April 12, 2017, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza vaccine on October 27, 2015, she suffered from pain in her left shoulder and limited range of motion. *See* Petition (ECF No. 1). On June 24, 2020, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 67).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On July 30, 2020, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for her attorneys in the total amount of $50,619.69, representing $42,809.40 in attorneys' fees and $7,810.29 in costs. Fees App. at 3.[3] Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. *Id* at 102. Respondent reacted to the fees motion on August 6, 2020, stating that "Respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 73). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following hourly rates for the work of her counsel, Ms. Amber Wilson: $308.00 per hour for work performed in 2017 and 2018, $323.00 per hour for work performed in 2019, and $345.00 per hour for work performed in 2020. Fees App. at 32. The requested rate for 2017 exceeds what Ms. Wilson has previously been awarded by myself and other special masters, which is $290.00 per hour. *See, e.g., Brutsch v. Sec'y of Health & Human Servs.*, No. 16-874V, 2018 WL 1835116, at *1 (Fed. Cl. Spec. Mstr. Mar. 16, 2018). The billing records indicate that Ms. Wilson billed 27.2 hours at the incorrect 2017 hourly rate – accordingly, I shall reduce the final award of fees by $489.60 to account for this error.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries are reasonable and accurately describe the work being

---

[3] Petitioner's motion requests a total of $55,619.69. Fees App. at 3. However, this appears to be in error, based upon the amounts Petitioner requests for work done by Ms. Wilson at her old firm, Maglio Christopher and Toale, and at her new firm. The amounts reflected in the billing record also indicate that the total amount of fees and costs incurred in this case is $50,619.69.

performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$42,318.80**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $7,810.29. This amount is comprised of acquiring medical records, travel costs to meet with Petitioner, postage, the Court's filing fee, and work performed by Petitioner's medical expert, Dr. Marko Bodor. Petitioner has provided adequate documentation supporting these costs and all appear reasonable in my experience. Petitioner is therefore awarded the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $42,809.40 |
| (Reduction of Fees) | - ($489.60) |
| **Total Attorneys' Fees Awarded** | **$42,318.80** |
| | |
| Attorneys' Costs Requested | $7,810.29 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$7,810.29** |
| | |
| **Total Attorneys' Fees and Costs** | **$50,130.09** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $47,198.34, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her former firm, Maglio Christopher and Toale, PA, and be forwarded to Maglio Christopher and Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236; and**

2) **a lump sum in the amount of $2,931.75, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Ms. Amber Wilson.[4]**

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                                  **/s/Thomas L. Gowen**
                                                  Thomas L. Gowen
                                                  Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

4